UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
NOV 0 6 2006
CLERK

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 05-40053 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER |
| -vs- | * | |
| ROBERT J. MARKING, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending before the Court is the issue whether Defendant is competent to stand trial. For the following reasons, the Court finds him competent and the case will be set for trial.

## BACKGROUND

Defendant Robert J. Marking was indicted on three counts of tax evasion under 26 U.S.C. § 7201 and one count of conspiracy under 18 U.S.C. § 371. Attorney G. Tomas Rhodus of Dallas, Texas, appeared on Defendant's behalf, along with local attorney, Brett Lovrien. On June 8, 2005, Defendant gave notice of his intent to introduce expert testimony relating to a mental disease or defect bearing on the issue of his guilt. Pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B), the Government moved for an order requiring Defendant to submit to a pretrial psychiatric/psychological examination "for purposes of determining whether or not he suffered from a mental disease or defect or any other mental condition bearing on the issue of his guilt as charged in the Indictment." (Doc. 16.) Defendant agreed to the evaluation and he was evaluated on November 4, 2005 by Dr. Y. Scott Moore, a forensic psychiatrist. In light of Dr. Moore's conclusions, the Government requested a competency hearing be held pursuant to 18 U.S.C. § 4241. The Court held a competency hearing on Monday, October 2, 2006. Defendant was present, represented by Brett Lovrien. Kathryn Ford appeared on behalf of the Government.

A report from Defendant's evaluating psychiatrist, Dr. David W. Bean, was introduced at the hearing as Defendant's Exhibit A. Dr. Bean evaluated Defendant on May 18, 2005. Dr. Bean's diagnosis is paranoid schizophrenia. According to his report, Dr. Bean concluded that, although Defendant was severely negatively affected by his psychotic illness with his delusional beliefs, Defendant was not insane when he committed the acts alleged in the Indictment. In addition, Dr. Bean determined that Defendant was competent to stand trial and aid in his own defense.

The Government called Dr. Moore to testify at the competency hearing. He had not seen or spoken to Defendant since his evaluation in November of 2005. Dr. Moore concurs with the diagnosis of paranoid schizophrenia. Dr. Moore's report reveals that, despite Defendant's paranoid schizophrenia, he is able to understand the nature and the consequences of the proceedings against him. Dr. Moore opined, however, that Defendant could not properly assist his attorney, G. Tomas Rhodus, in his own defense because Defendant believed Mr. Rhodus was a Freemason and a warlock who would either kill Defendant or put him in prison where all of the other Freemasons could easily get to him. Dr. Moore testified that if Defendant trusted his lawyer, he would be competent to stand trial.

Defendant took the witness stand after Dr. Moore. He explained that when he saw Dr. Moore in November 2005 he was disappointed with Mr. Rhodus because it did not appear Mr. Rhodus knew what he was doing. Defendant said he now believes Mr. Rhodus is the best lawyer to handle the tax aspect of his defense and he realizes that Mr. Rhodus is not a Freemason. On cross-examination, Defendant admitted that he thought the Freemasons were out to kill him and that, for awhile, he thought Mr. Rhodus was a Freemason.

After Defendant's testimony, the Court recalled Dr. Moore to the stand. Dr. Moore said he could not judge, based on Defendant's testimony, whether he now trusts his lawyer and thus is competent to stand trial. The Court took the issue of Defendant's competency to stand trial under advisement.

## DISCUSSION

The Supreme Court has set the standard for determining whether the defendant is competent: "The test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *United States v. Dworshak*, 514 F.2d 716, 718 (8th Cir. 1975). Under 18 U.S.C. § 4241(d), the Court must commit a defendant to the custody of the Attorney General for hospitalization if he is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d).

In making a determination of competency, the Court may rely on a number of factors, including medical opinions and the Court's observation of the defendant's comportment. *See Reynolds v. Norris*, 86 F.3d 796, 800 (8th Cir. 1996). Additionally, the Court may consider a doubt expressed by the defendant's lawyer as to his competency. *Id.*

Both Dr. Bean and Dr. Moore diagnosed Defendant with paranoid schizophrenia. Neither of the psychiatrists expressed the view that this condition necessarily renders Defendant incompetent to stand trial.[1] In fact, Dr. Bean found Defendant competent to stand trial, and Dr. Moore opined that Defendant would be competent if he had a lawyer he trusts. At the hearing, Defendant admitted that he did not trust attorney Rhodus at the time of Dr. Moore's interview back in November of 2005. Defendant testified that, after reconsidering the issue, he later realized that Mr. Rhodus is the best lawyer for the job. It appeared to the Court that this was a decision reached by Defendant prior to his appearance at the competency hearing because Defendant never terminated Mr. Rhodus' representation and he remained in contact with him, including receipt of an e-mail from Mr. Rhodus a month before the competency hearing. The Court gives significant consideration to the lawyer's

---

[1] In *United States v. Dworshak*, the Eighth Circuit found the evidence insufficient to raise a reasonable doubt as to the defendant's competency to stand trial, even though he was a paranoid schizophrenic. *Dworshak*, 514 F.2d at 719.

3

judgment about a defendant's state of mind, and neither of Defendant's lawyers have ever made any statement to the Court that Defendant refused or was unable to communicate with them or consult with them, or that he lacked a rational or factual understanding of the proceedings against him.

The Court observed Defendant closely at the competency hearing. Defendant dressed and acted appropriately for court. He wrote notes to his lawyer, Brett Lovrien, and conversed quietly with him during the hearing. While he was on the stand, the Court asked Defendant a number of questions. Defendant spoke clearly and coherently and he answered the Court's questions, as well as counsel's questions, honestly and thoroughly. After hearing Defendant's testimony, Dr. Moore could not say that he remained incompetent to stand trial.

As a result of his schizophrenia, Defendant suffers from delusions. Dr. Bean summed up the delusions in his report:

> [H]e was experiencing a severe, chronic, bizarre, paranoid and grandiose delusional system involving being persecuted by the devil through witches and warlocks. Among other bizarre ideas he believed that his father was a warlock who had adversely affected him throughout his adult life. In contrast he thought his mother was a supportive individual with whom he prayed at great length everyday for many months to reduce the adverse effects of Satan and the witches and warlocks that were affecting him.

(Defendant's Exhibit A.) Defendant testified that he picks up vibrations from people and he can tell if they are Christian or of the devil. Dr. Moore explained that bizarre delusions like Defendant's are a hallmark of schizophrenia. But having schizophrenia, even with the unusual delusions suffered by Defendant, does not equal being incompetent to stand trial and does not satisfy the legal test for competence, *i.e.*, whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him. Defendant meets the test for competency as just stated. Despite Defendant's delusions and unusual beliefs, the Court concludes that he is competent to stand trial because he understands the nature and consequences of the proceedings against him and he is able to assist properly in his defense. Accordingly,

4

IT IS ORDERED that an Amended Scheduling Order will be issued. To assist the Court in setting the Scheduling Order dates, the parties should each advise the Court when they will be ready for trial.

Dated this 6th day of November, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)   DEPUTY

5